Gkeex, J.
delivered the opinion of the court.
In this case the defendant in error obtained judgment by motion against the plaintiffs in error on an indemnifying bond, and the only question is whether this case falls within the provisions of the act of 1825, ch. 40. (Car. and Nich. Comp. 183.) That act provides that “in all cases where a sheriff, coroner, or constable may levy an execution on property, the title of which is disputed, and may take a bond of indemnity, and may be sued for so doing by the rightful owner of such property so levied on and sold, and a recovery had against such sheriff, coroner or constable, it shall and may be lawful for such sheriff, coroner or constable, upon motion in any court of record, to obtain judgment against the obligor or obligors, or either of them, on such bond of indemnity for the amount of the damages and costs that may have been recovered against such sheriff, coroner or constable.”
This act provides for the single case of a bond of indemnity where the title of the execution debtor to the property levied on is disputed. A judgment by motion is allowed in favor of the officer for the amount the true owner may have recovered of him. The meaning plainly is that the person who disputes the officer’s right to levy must be other than the defendant in the execution. For if the defendant in the execution objects to the levy on the ground that the process issued upon a void judgment, or that the particular article of property about to be levied on was exempt by law from execution, he would not thereby bring into dispute the title to the property, nor would a recovery by him on either of these grounds entitle the officer to a judgment in the summary way upon the bond. It has been always held that the acts of Assembly changing the common law (mode of proceeding and giving a summary remedy, are to be strictly construed. They are not to be extended beyond the cases expressly provided for, al *15 though other cases may fall within reasons for which they were enacted.
In the case before us the judgment recites that the plaintiffs in error executed their bond to' the defendant in error to indemnify him against any damages and costs he might be put to for selling a horse which he had levied on as the property of Eli Wilson, by virtue of an execution in favor of James Baker against the said Eli Wilson and Henry Wilson; and that it appearing to the court from the records thereof, that Eli Wilson, in said bond named, recovered a judgment against said.Agey for selling the property in said bond named, therefore the judgment is rendered in favor of Agey on the bond for the amount of Wilson’s recovery against him. This recitation shows that the person claiming the property and recovering the judgment was the defendant in the execution. Whether he recovered because the judgment against him was void, or because the horse was by law exempted from execution, the record does not show; but in either case it is not within the provisions of the act of Assembly by which it is sought to be supported. The party must be left to his common law remedy upon the bond. Let the judgment be reversed.